UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 02-38-DCR |
| | ) | Civil Action No. 6: 09-7074-DCR |
| V. | ) | |
| | ) | |
| RONNIE LEE HOWARD, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant/Movant. | ) | **AND ORDER** |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant/Movant Ronnie Lee Howard's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 241] Consistent with local practice, the motion was referred to United States Magistrate Judge Edward B. Atkins for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Atkins filed his Report and Recommendation on December 30, 2011. [Record No. 1263] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Howard's motion be denied. Although the Court extended the time within which Howard could file objections to the Report and Recommendations, he failed to do so by the February 14, 2011, deadline.[1] Accordingly, the Report and Recommendation is ripe for the undersigned's review.

---

[1] Howard submitted a letter to the Court requesting additional time to file objections to the Magistrate Judge's Report and Recommendations. [Record No. 264] This letter was received on January 12, 2011. On the same date the Court construed the letter as a motion for an extension of time and gave Howard until February 14, 2011, to file his objections. However, in extending the deadline, the Court gave Howard the following warning:

-1-

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See id.* at 147–48; *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in full agreement with the Magistrate Judge's Report and Recommendation.

Following a jury trial, Howard was convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [Record No. 116] Prior to sentencing, the undersigned found that he qualified as an Armed Career Criminal. On October 10, 2003, Howard was sentenced to a term of imprisonment of 293 months. Although his conviction was affirmed, the United States Court of Appeals for the Sixth Circuit remanded the matter for re-sentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). Howard received the same term of imprisonment during his second sentencing hearing. Howard's second direct appeal to the Sixth Circuit was affirmed on August 13, 2009. However,

---

Defendant/Movant Howard will be given an extension of time through and including Monday, February 14, 2011, within which to file his objections to the Magistrate Judge's Report and Recommendation. The Defendant/Movant is cautioned that this deadline relates to filing his objections with the Clerk of the Court as opposed to mailing them. Therefore, any objections received after February 14, 2011, will be considered untimely.

[Record No. 265.]

before the second appeal was finally decided, Howard filed the current § 2255 motion. [Record No. 241]

In his Report and Recommendation, Magistrate Judge Atkins identified and addressed all twenty-two claims raised by Howard's § 2255 motion. Initially, the Magistrate Judge correctly determined that a number of claims (Arguments 4, 15 and 19) were raised during Howard's direct appeal and should not be revisited on collateral review. Likewise, a number of his claims were procedurally defaulted (Arguments 11, 12, 13, 16, 18, 20, 21 and 22). Next, Magistrate Judge Atkins considered – but rejected – Howard's claim of ineffective assistance of counsel (Arguments 1, 2, 3, 5, 6, 7, 8, 9 10, 14 and 17). Having reviewed Howard's argument, the relevant case law, and the Magistrate Judge's recommendations, the Court again finds itself in full agreement with the conclusions reached by Magistrate Atkins with respect to these issues.

Finally, regarding whether a certificate of appealability should issue, the Court concludes that the grounds presented by Howard fail to present a close constitutional issue that reasonable jurists would debate. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Howard has not made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. §2253(c)(2). Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 263] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant/Movant Ronnie Lee Howard's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 241] is **DENIED**.

3. A Certificate of Appealability shall not issue because Howard has not made a substantial showing of the denial of any substantive constitutional right.

4. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 15th day of February, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge